UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ARMANDO ARREAGA SANTIZO,<br><br>            Petitioner,<br><br>            v.<br><br>WARDEN OF GOLDEN STATE ANNEX,<br><br>            Respondents. | Case No.  1:26-cv-04256  (VC)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 2, 7 |

This matter is before the Court on Petitioner's motion for a temporary restraining order ("TRO") and Respondent's motion to dismiss. Dkt. Nos. 2, 7. For the reasons that follow, the Court denies the TRO and GRANTS Respondents' motion to dismiss.

## I.  BACKGROUND

Petitioner became a lawful permanent resident on July 7, 2014. Dkt. No. 7-1 at 10. His legal status, however, was revoked following a conviction for violation of Cal. Pen. Code § 288(a), committing a lewd act upon a child. *Id*. at 13, 19. Petitioner was ordered removed under the Immigration and Nationality Act, 8 USC § 1227(a)(2)(A)(i), (iii) for having committed a Crime Involving Moral Turpitude within five years of admission by an Immigration Judge ("IJ") on May 2, 2018, and was subsequently removed on June 13, 2018. Dkt. No. 7 at 2.

According to the petition for writ of habeas corpus, Petitioner re-entered the United States without inspection or admission sometime in January 2020. Dkt. No. 1 ¶ 4. Petitioner came to the attention of the U.S. Immigration and Customs Enforcement ("ICE") on April 13, 2026 after being notified by the Marin County jail that Petitioner was in custody following a

probation violation. Dkt. No. 7 at 64. ICE reinstated Petitioner's prior order of removal the following day on April 14, 2026. *Id*. at 2.

ICE detained Petitioner on April 29, 2026 and conducted a reasonable fear interview. Dkt. No. 2-2 at 2. The immigration officer conducting the interview determined that Petitioner did not have a credible fear of persecution in his home country. *Id*. This decision was vacated by an IJ on May 21, 2026, and Petitioner was placed into withholding-only proceedings. *Id*. According to Petitioner, his withholding-only proceedings remain pending. *See* Dkt. No. 1 ¶ 6.

On June 3, 2026, Petitioner filed a petition for writ of habeas corpus and a TRO. Dkt Nos. 1, 2. That day, the Court set a briefing schedule indicating that it intended to rule on the petition and TRO together. Dkt. No. 5. On June 8, 2026, Respondent filed a combined opposition to the TRO and motion to dismiss. Dkt. No. 7. Petitioner filed an opposition to the motion to dismiss on June 11, 2026. Dkt. No. 8.

## II.    DISCUSSION

Petitioner alleges that "it [is] unlawful for Respondents to re-arrest him without first providing a pre-deprivation hearing" in which they demonstrate "that detention would now be warranted." Dkt. No. 1 ¶ 24. According to Petitioner, Respondents failure to make such a showing violates his procedural due process rights (count 1), substantive due process rights (count 2), the Administrative Procedures Act (count 3), and the Immigration and Nationality Act (count 4). In response, Respondents argue that Petitioner may be mandatorily detained pursuant to either 8 U.S.C. § 1231(a)(2) or 8 U.S.C. § 1231(a)(6) because he is subject to a reinstated order of removal.

### A.    Petitioner's detention is governed by 8 U.S.C. § 1231.

Where a noncitizen is subject to a reinstated removal order, detention is governed by 8 U.S.C. § 1231. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021). This section provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply

for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).

Both Respondents and Petitioner here seem to agree that he is subject to a reinstated order of removal. *See* Dkt. No. 8 at 2. Accordingly, Petitioner's detention is governed by § 1231. Petitioner does not seriously dispute this, noting only in his opposition to Respondents' motion to dismiss that application of § 1231 does not foreclose constitutional review, and pointing out the fact that Petitioner is in withholding only proceedings. *Id*. at 4–5. The initiation of withholding proceedings, however, neither alters the applicable detention authority, nor does it "render non-final" Petitioner's "reinstated order of removal." *See Johnson*, 594 U.S. at 536, 540. And though a due process claim may still stand where § 1231 is the appropriate detention statute, as explained below, Petitioner has not stated one.

**B.    Petitioner has stated no facts indicating that detention under 8 U.S.C. § 1231 is unlawful.**

Respondents argue that Petitioner's detention is permissible under both 8 U.S.C. § 1231(a)(2) and 1231(a)(6). The Court finds that § 1231(a)(2) is applicable, and does not reach whether detention is proper under § 1231(a)(6).

Under § 1231, a noncitizen with a final order of removal is subject to mandatory detention for ninety days under § 1231(a)(2). 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). This time period is known as the removal period, and it typically begins on the date the order of removal becomes administratively final. *Id*. § 1231(a)(1)(B)(i). Petitioner's removal order became administratively final per § 1231(a)(2) when it was reinstated on April 14, 2026. *Castillo v. Chestnut*, No. 1:25-cv-1296-SAB, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (finding that "the removal period began to run on … the date that Petitioner's removal order was reinstated after his reentry into the United States"); *Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 2:23-cv-0849-TLN-SCR, 2025 WL 3089355, at *4 (E.D. Cal. Nov. 5, 2025) ("Accordingly, the court finds that a reinstated order of removal … becomes final immediately upon issuance."), *report and recommendation adopted*, 2026 WL 257636 (E.D. Cal. Jan. 30, 2026).

Accordingly, Petitioner's 90-day removal period is set to expire on July 13, 2026, and he may be mandatorily detained under § 1231(a)(2) until that date.

In his opposition to the motion to dismiss, Petitioner does not argue that § 1231(a)(2) is inapplicable, and the habeas petition includes no facts to this effect. Rather, Petitioner simply argues that the Court still has jurisdiction to consider his constitutional and statutory claims seeking release. Dkt. No. 8 at 4. This may be so, however, Petitioner has not alleged any facts suggesting that Respondents have violated his due process rights or the statutory framework governing his detention.

Courts have released noncitizens detained pursuant to § 1231 where their detention has become unconstitutionally prolonged per *Zadvydas v. Davis*. 533 U.S. 678, 700 (2001) ("We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months"); *Tai v. Warden, California City Det. Facility*, No. 1:26-CV-01857-KES-EPG (HC), 2026 WL 747138, at 2 (E.D. Cal. Mar. 17, 2026) (finding sixteen-month detention under § 1231 unconstitutional where petitioner demonstrated that there was no significant likelihood of removal in the foreseeable future, and respondents failed to rebut this showing). Petitioner here, however, has only been detained for roughly two months, and he makes no argument that the length of his detention raises constitutional concerns.

Courts also have granted habeas relief where a noncitizen ordered removed was released on an order of supervision following a failed attempt to remove him or her. *See, e.g.*, *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1162–63 (E.D. Cal. 2025); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025); *Le v. Chesnut*, No. 1:26-CV-01750 JLT SAB, 2026 WL 809891, at *4 (E.D. Cal. Mar. 24, 2026). These courts have granted release on the basis that § 1231's implementing regulations "indicate that, when ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" *Yan-Ling X*, 813 at 1163 (quoting *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)). Here, the petition contains no facts suggesting that Petitioner was detained and then released on an order of supervision

following his re-entry into the United States in 2020. Rather, the record before the Court indicates that Respondents were unaware of Petitioner's presence in the United States up until his most recent detention.

Accordingly, the Court dismisses the petition without prejudice to filing an amended petition supported by additional facts justifying release or provision of a bond hearing. Petitioner may file an amended petition by July 14, 2026.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____

VINCE CHHABRIA
United States District Judge